Exhibit A

FILED
NORTH COUNTY DIVISION

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Karen S. Spicker, SBN 127934<br>Doan Law Firm, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008<br><br>TELEPHONE NO.: (760) 450-3333   FAX NO.: (760) 720-6082<br>ATTORNEY FOR *(Name):* Lisa McGowan | *FOR COURT USE ONLY*<br><br>2013 AUG 14  PM 3: 13<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ EAST COUNTY DIVISION, RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065
☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)<br>Lisa McGowan | JUDGE<br>Earl H. Maas, III |
|---|---|
| DEFENDANT(S)<br>Capital One Bank USA, N.A. and DOES 1-10 inclusive | DEPT<br>N-28 |
| AMENDMENT TO COMPLAINT | CASE NUMBER<br>37-2013-00060599-CU-MC-NC |

Under Code of Civ. Pro. § 474:
FICTITIOUS NAME (Court order required once case is at issue.  SDSC Local Rule 2.1.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

DOE 1 _____

and having discovered the true name of defendant to be

Capital One, National Association _____

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: 8·13·13 _____      _Karen S. Spicker_ _____
                                                      Attorney(s) for Plaintiff(s)

Under Code of Civ. Pro. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated  ☐  defendant  ☐  plaintiff in the complaint by the name of

_____

and having discovered ☐  name to be incorrect and the correct name is  ☐  defendant also uses the name of

_____

amends the complaint by ☐  substituting  ☐  adding such name(s) wherever the name of

_____

appears in the complaint.

Date: _____      _____
                                                      Attorney(s) for Plaintiff(s)

ORDER

The above amendment to the complaint is allowed.

Date: _____      _____
                                                      Judge of the Superior Court

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Capital One Bank USA, N.A., and DOES 1 through 10, inclusive'

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lisa McGowan



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NORTH COUNTY DIVISION
2013 AUG -1 PM 3: 04
(10)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Diego Superior Court, North County Division<br>325 S. Melrose, Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2013-00060599-CU-MC-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen S. Spicker, Esq. SBN 127934 Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008

| | | | |
|---|---|---|---|
| DATE: August 1, 2013<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | C. Terríquez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of (specify): DOE 1
   Capital One, National Association
3. ☒ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Karen S. Spicker, SBN 127934 <br> Doan Law Firm, LLP <br> 2850 Pio Pico Drive, Suite D <br> Carlsbad, CA 92008 <br> TELEPHONE NO.: (760) 450-3333    FAX NO.: (760) 720-6082 <br> ATTORNEY FOR *(Name):* Lisa McGowan | **FOR COURT USE ONLY** <br><br> FILED <br> NORTH COUNTY DIVISION <br> 2013 AUG -1 PM 3: 05 <br> (10) <br> CLERK-SUPERIOR COURT <br> SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

**CASE NAME:**
McGowan v. Capital One Bank USA, N.A., and DOES 1 through 10, incl

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: <br> 37-2013-00060599-CU-MC-NC |
|---|---|---|---|---|
| [✓] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse <br> condemnation (14) | above listed provisionally complex case <br> types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [✓] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 1, 2013
Karen S. Spicker Esq.
_____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007] — **CIVIL CASE COVER SHEET** — Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00060599-CU-MC-NC   CASE TITLE:
McGowan vs. Capital One Bank USA, N.A.

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>*and*</u>
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 325 S. Melrose

MAILING ADDRESS: 325 S. Melrose

CITY, STATE, & ZIP CODE: Vista, CA 92081-6695

BRANCH NAME: North County

PLAINTIFF(S): Lisa McGowan

DEFENDANT(S): Capital One Bank USA, N.A.

SHORT TITLE: MCGOWAN VS. CAPITAL ONE BANK USA, N.A.

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2013-00060599-CU-MC-NC |
|---|---|

Judge: Earl H. Maas, III                                          Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                      Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/01/2013                          JUDGE OF THE SUPERIOR COURT

SOSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8028 |

PLAINTIFF(S) / PETITIONER(S):     Lisa McGowan

DEFENDANT(S) / RESPONDENT(S):  Capital One Bank USA, N.A.

MCGOWAN VS. CAPITAL ONE BANK USA, N.A.

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2013-00060599-CU-MC-NC |
|---|---|

## CASE ASSIGNMENT

Judge:  Earl H. Maas, III                                          Department: N-28

**COMPLAINT/PETITION FILED:** 08/01/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/17/2014 | 10:00 am | N-28 | Earl H. Maas, III |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Karen S. Spicker, SBN 127934
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
Karen@doanlaw.com

Attorney for Plaintiff
LISA MCGOWAN

FILED
NORTH COUNTY DIVISION

2013 AUG -1  PM 3: 05

(10)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY JUDICIAL DISTRICT

|  |  |
|---|---|
| LISA MCGOWAN, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE BANK USA, N.A., and DOES 1 through 10, inclusive; <br><br> Defendants. | Case No.: **37-2013-00060599-CU-MC-NC** <br><br> **COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND DECLARATORY RELIEF, FOR:** <br><br> **1) VIOLATION OF CAL. CIV. CODE §1788.17, (under 15 U.S.C. §1692d(5));** <br> **2) VIOLATION OF CAL. CIV. CODE §1788.11(d);** <br> **3) VIOLATION OF CAL. CIV. CODE §1788.11(e);** <br> **4) NEGLIGENT VIOLATION OF 47 U.S.C. §227 ET SEQ.;** <br> **5) WILLFUL AND/OR KNOWING VIOLATION OF 47 U.S.C. §227 ET SEQ.;** <br> **6) INVASION OF PRIVACY** <br><br> **JURY TRIAL DEMANDED** <br> **AMOUNT IN CONTROVERSY: In excess of $25,000.00** |

# I.

## INTRODUCTION

1.    Plaintiff LISA MCGOWAN (hereinafter "LISA MCGOWAN" and/or "PLAINTIFF")
brings this lawsuit against the DEFENDANTS, CAPITAL ONE BANK USA, N.A, and
DOES 1-10 INCLUSIVE (hereafter "CAP ONE" or DEFENDANTS), for violations of
California Civil Codes §§1788.17, 1788.11(d), 1788.11(e), 47 U.S.C. §227 *et seq.* and
other torts alleged herein.

# II.

## FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et seq.,the  RFDCPA

2.    The California Legislature made the following **findings** and **purpose** in creating Civil
Code §1788, the **RFDCPA**:

> *(1)  The banking and credit system and grantors of credit to consumers are*
> *dependent upon the collection of just and owing debts.  Unfair or deceptive*
> *collection practices undermine the public confidence which is essential to the*
> *continued functioning of the banking and credit system and sound extensions of*
> *credit to consumers.*
>
> *(2)  There is a need to ensure that debt collectors and debtors exercise their*
> *responsibilities to one another with fairness, honesty and due regard for the*
> *rights of the other.*
>
> *(3)  It is the purpose of this title to prohibit debt collectors from engaging in*
> *unfair or deceptive acts or practices in the collection of consumer debts and to*
> *require debtors to act fairly in entering into and honoring such debts, as*
> *specified in this title.*

3.    On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to
the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair
Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions
of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was

1   enacted in 1977.

2   4.     The United States Congress has made the following **findings** and declaration of **purpose**

3          under the **FDCPA**:

4               *(a)   Abusive practices. There is abundant evidence of the use of abusive,*

5               *deceptive, and unfair debt collection practices by many debt collectors. Abusive*

6               *debt collection practices contribute to the number of personal bankruptcies, to*

7               *marital instability, to the loss of jobs, and to invasions of individual privacy.*

8               *(b)   Inadequacy of laws. Existing laws and procedures for redressing these*

9               *injuries are inadequate to protect consumers.*

10              *(e)   Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to*

11              *eliminate abusive debt collection practices by debt collectors, to insure that those*

12              *debt collectors who refrain from using abusive debt collection practices are not*

13              *competitively disadvantaged, and to promote consistent State action to protect*

14              *consumers against debt collection abuses.*

15

16                                            **III.**

17              **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

18                   **(TCPA ), 47 U.S.C. §227 GENERALLY**

19  5.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227

20         ("TCPA") in response to a growing number of consumer complaints regarding unwanted

21         telemarketing calls and unwanted automated and prerecorded telephone calls, which

22         Congress found to be a costly nuisance and an invasion of privacy to consumers.

23  6.     In furtherance of this goal, the TCPA regulates, among other things, the use of any

24         automated telephone dialing system or an artificial or prerecorded voice.  Specifically,

25         the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages

26         or autodialers to make any call to a wireless number in the absence of an emergency or

27         without the prior express consent of the called party.

28

                                        COMPLAINT
                                             2

7.  Likewise, section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages in any calls to a residential telephone line in the absence of an emergency, the prior express consent of the called party, or order by the Federal Communications Commission ("FCC").

8.  The FCC, which pursuant to the statute has prescribed various regulations implementing the TCPA requirements, held in a recent FCC Declaratory Ruling that prerecorded message calls to a wireless number by a creditor for (or on behalf of a creditor) are permitted only if the calls are made with "prior **express** consent" of the called party. The FCC held "the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent . . ." In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 (2007).

9.  Prior express consent is "deemed to be granted only if the wireless number was provided by the consumer to the creditor, and such number was provided during the transaction that resulted in the debt owed." Id. at 564-65.

10.  Although a person who knowingly provides his or her wireless telephone number to a creditor may have consented to receive telephone calls at the number regarding the debt, such consent may be revoked by further instruction from the consumer. Id. at 564. According to the FCC's ruling, any claim that the knowing release of a phone number has given effect to an invitation to be called at the number only exists "absent instructions to the contrary." Id. A written cease and desist order advises a creditor to stop calling and serves to revoke any prior consent.

## IV.

## JURISDICTION

11.  Jurisdiction of this Court arises under California Code Civil Procedure section 410.10 *et seq.*

/ / /

**V.**

**PARTIES**

12.   At all times alleged herein, Plaintiff was an individual residing in the City of San Diego, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

13.   Plaintiff is informed and believes, based and thereon alleges, that Defendants is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

14.   Defendants and each of them are not an attorney or counselor at law, and In the ordinary course of business Defendants regularly engage in debt collection as that term is defined in California Civil Code §1788.2. Defendants and each of them are a "debt collector," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g).

15.   Defendants and each of them are and at all times mentioned here were a "corporation" and a "person" as defined by 47 U.S.C. §153(13) and (32).

16.   All telephone contacts by Defendants to Plaintiff occurred on Plaintiff's cellular and/or residential telephone via an "automated telephone dialing system" and/or used an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(a)(1) and (b)(1)(A).

17.   All calls that are the subject of this complaint occurred within one year of filing this complaint.

18.   The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

19. For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants and each of them herein.

20. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## VI.

## FACTS

### Plaintiff Retained Doan Law Firm, LLP

22. Defendants allege that Plaintiff incurred a "debt" with Defendants and each of them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

23. On **May 24, 2013**, Plaintiff retained DOAN LAW FIRM, LLP to dispute the validity of the debt, to end communications on the debt under the RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, to ensure that creditors accurately and completely report account information to each credit reporting bureau, as well to expressly revoke consent, if any, given by the Plaintiff to have Defendants communicate directly with Plaintiff.

24. Specifically, DOAN LAW FIRM, LLP was retained to provide the following six (6) services:

   1) Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq.*);

2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

3)   Ensure that creditors comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

4)   Eliminate personal liability using Title 11 of the U.S. Code;

5)   Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA);

6)   Expressly revoke any prior consent for the purposes of the TCPA; and

7)   Stop any and all future communications and harassments by creditors using prerecorded messages and automatic dialing systems as prohibited under the TCPA.

25.   Plaintiff paid money to DOAN LAW FIRM, LLP for the foregoing services.

26.   The purported debt owed to Defendants will be the subject of a Chapter 7 Bankruptcy.

27.   Once discharged, Defendants will have no further contractual rights to enforce the debt against Plaintiff and Plaintiff will have no obligation to pay Defendants.

**Legal Help Was Provided To Protect Plaintiff From Defendants:**

28.   DOAN LAW FIRM, LLP sent Defendants **three (3)** written "Cease and Desist Orders" by mail on **May 24, 2013**. True and correct copies of all **three (3)** Cease and Desist Orders are attached collectively hereto as **Exhibit "A"** and incorporated herein.

29.   The written Orders to Defendants specifically provided the following:

a)   Plaintiff would soon be filing for Title 11 Federal Protection;

b)   Advised that Plaintiff refused to pay the debt;

c)   Advised that Plaintiff disputed the validity of the debt;

d)   Advised that Plaintiff was now represented by an attorney, DOAN LAW FIRM, LLP with respect to the debt;

e)   Ordered that Defendants Cease and Desist all further communications with Plaintiff with respect to the debt; and

f)   Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

**Defendants Had Actual Knowledge Of Attorney Representation**

30. Defendants physically received and had actual knowledge of the Cease and Desist Orders.

31. Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP.

32. Defendants actually knew they had to **Cease and Desist** all further communications with Plaintiff with respect to the debt.

33. Defendants actually knew Plaintiff **refused to pay** the debt.

34. Defendants actually knew that Plaintiff **disputed the validity** of the debt.

35. Defendants actually knew Plaintiff was preparing to file for **Federal Relief under Title 11.**

36. Defendants actually **knew they were now prohibited from contacting** Plaintiff by all means.

37. Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiff.

38. Defendants knew they could only communicate with DOAN LAW FIRM, LLP.

39. Defendants knew they could only call, write, send billing statements, and send statements of account, to the DOAN LAW FIRM, LLP at the new address provided.

40. The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:

*"An attorney and his or her client are considered to be the same person for purpose of this regulation when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction."*

///

41. Defendants knew that any further communications of any kind with Plaintiff was prohibited, unlawful, illegal, and would subject them to damages.

## DEFENDANTS Committed at least One hundred sixty-nine (169) Unlawful Communications

42. Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the laws of the RFDCPA, FDCPA, and TCPA, as set forth in the Cease and Desist Orders and communicated with Plaintiff in regard to the alleged debt.

43. Specifically, Defendants continued communications with Plaintiff, as further evidenced by the subpoenaed phone call records, attached hereto as **Exhibit "B"** and incorporated herein.

44. Defendants continued to call in violation of the TCPA.

45. The numerous communications evidence a pattern and practice wherein Defendants engaged in unlawful harassment and abuse to coerce payment.

46. Upon receiving payment, Defendants represented that the harassment and abuse would stop and Defendants would restore to Plaintiff her right to privacy and peace of mind.

47. Plaintiff is informed and believes and based thereon alleges that the calls are continuing and that there are additional violations under Civil Code §1788.17 and TCPA, and that discovery will reveal further violations.

## DEFENDANTS Willfully And Knowingly Violated The RFDCPA:

48. As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated therein.

49. Defendants and each of them are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's attorney,

1  pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth

2  above.

3  50.  There is no conflict of law between the RFDCPA and TILA since Defendants can comply

4  with TILA by sending correspondence to Plaintiff's attorney, instead of Plaintiff.

5  51.  Defendants knew each of its harassing communications were willful and knowing

6  violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692 *et*

7  *seq.* as incorporated therein.

8  52.  Defendants' harassing communications, as set forth above, were willful and knowing

9  violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692

10  *et seq.* to the extent incorporated therein.

11  53.  Defendants' harassing communications, as set forth above, are part of an overall

12  unlawful business pattern and practice whereby Defendants knowingly, willfully, and

13  intentionally enterprised a profitable unlawful collection scheme to derive profits

14  through the incomplete and inaccurate information and through harassing

15  communications and intentional misinterpretation of TILA laws.

16  54.  Defendants rarely, if ever, are pursued or sued over such harassing communications, and

17  reporting violations since very few debtors are aware that their rights are being violated,

18  rarely have the financial resources to pursue such claims, and/or very few attorneys are

19  willing to take on such cases.

20  55.  Defendants are highly motivated to continue their harassing communications since any

21  payments made to resolve any judgments or settlements for such unlawful conduct are

22  minuscule when compared to the overall profits generated from such unlawful conduct.

23

24  **DEFENDANTS Willfully And/Or Knowingly Violated**

25  **The Telephone Consumer Protection Act of 1991**

26  56.  Plaintiff had a consumer credit card account that had originated with, was assigned to,

27  and/or was serviced by Defendants.

28

COMPLAINT

9

57.   As a creditor, Defendants and each of them are fully aware of the TCPA and the regulations it provides.

58.   Plaintiff denies ever providing her cell phone and/or residential telephone number to Defendants with the express consent to be called by an "automatic telephone dialing system" or "artificial or prerecorded voice," or any other method.

59.   Plaintiff further demonstrated she did not consent to any such calls by mailing several written cease and desist orders, as set forth above, instructing Defendants to immediately stop all further communications.

60.   Defendants knew each of its harassing communications were willful and knowing violations of 47 U.S.C. §227b(1)(A)(iii) and/or 47 U.S.C. §227b(1)(B).

61.   Defendants' harassing communications, as set forth above, are part of an overall business practice whereby Defendants knowingly, willfully, and intentionally use automated and prerecorded machines to place calls to consumers, which Congress has explicitly found to be a costly nuisance and an invasion of privacy to such individuals.

62.   Defendants willful and knowing violations of the TCPA undermine Congress' purpose and intent behind the Act.  As Defendants are rarely ever sued successfully under the TCPA for such violations, Defendants have the incentive to continue their unlawful practices.

**PLAINTIFF Suffered Damages As A Result Of DEFENDANT'S Conduct**

63.   As a direct result of Defendants' harassing communications, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in receiving numerous phone calls, felt hopeless and felt there was no way out every time.

64.   Plaintiff LISA MCGOWAN experienced intense and undue stress and anxiety due to Defendants' actions. Defendants' continuous phone calls exacerbated her stress and anxiety.

65. Plaintiff LISA MCGOWAN eldest child is suffering from constant stress and erratic seizures to which treatment must be provided. Plaintiff is in constant worry of her child's health. Defendants' incessant barrage of calls made it difficult for Plaintiff to determine which calls were actually an emergency. Defendants' constant calls left Plaintiff in a state of confusion and helplessness.

66. Plaintiff incurred out of pocket monetary damages when attorney fees and costs were paid to the DOAN LAW FIRM, LLP for services provided to protect Plaintiff under the RFDCPA, FDCPA, and TCPA, which ultimately failed.

67. Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

68. Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

69. Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

## VII.

## 6 (SIX) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA

### (Under 15 U.S.C. §1692d(5))

70. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

71. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the*

1          *United States Code.*

2   72.    15 U.S.C. §1692d(5) of the FDCPA provides:

3          *A debt collector may not engage in any conduct the natural consequence of which*

4          *is to harass, oppress, or abuse any person in connection with the collection of a*

5          *debt. Without limiting the general application of the foregoing, the following*

6          *conduct is a violation of this section—*

7

8          *(5) Causing a telephone to ring or engaging a person in telephone*

9          *conversation repeatedly or continuously with the intent to annoy, abuse, or*

10         *harass any person at the called number.*

11   73.    Defendants violated 15 U.S.C. §1692d(5), as incorporated into the RFDCPA, because

12         Defendants repeatedly and continuously contacted and harassed Plaintiff by telephone **at**

13         **least one hundred sixty-nine (169)** times regarding the alleged debt.

14   74.    Defendants telephoned Plaintiff on a near-daily basis, including early morning and late at

15         night, and on most days, Defendants placed multiple unlawful telephone calls. By way of

16         example, Defendants called Plaintiff at least **four (4) times per day**. By way of example,

17         Defendants called Plaintiff on **August 3, 2012 at 9:46 a.m., 5:10 p.m., 6:41 p.m. and 7:444**

18         **p.m.** This number of calls demonstrates the high **volume** of contacts Defendants placed to

19         Plaintiff.

20   75.    Defendants telephoned Plaintiff at least **four (4) times** per day on several occasions. This

21         **high frequency** and intensity of calling shows the **pattern** of contacts Defendants placed to

22         Plaintiff.

23   76.    California Civil Code §1788.17 requires that Defendants comply with the provisions of 15

24         U.S.C §1692d(5).

25   77.    The foregoing violations of 15 U.S.C §1692d(5) by Defendants resulted in separate

26         violations of California Civil Code Section §1788.17.

27   78.    California Civil Code §1788.17 provides that Defendants and each of them are subject to the

28         remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C.

1    §1692d(5).

2    79.   The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of

3          the California Civil Code (RFDCPA), are sole and separate violations under California Civil

4          Code Section § 1788.30(b), and trigger a **penalty of up to $1,000.00**.

5

6                               **SECOND CAUSE OF ACTION:**

7                    **VIOLATION OF CALIFORNIA CIVIL CODE §1788.11(d)**

8

9    80.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

10         fully herein.

11   81.   California Civil Code Section 1788.11(d) provides in pertinent part:

12               *No debt collector shall collect or attempt to collect a consumer debts by means*

13               *of the following practices:*

14                    *(d) Causing a telephone to ring repeatedly or continuously to annoy the*

15                    *person called.*

16   82.   Defendants violated California Civil Code §1788.11(d) because they repeatedly and

17         continuously contacted and harassed Plaintiff by telephone at least **one hundred sixty-nine**

18         **(169) times** regarding the alleged debt.

19   83.   Defendants telephoned Plaintiff on a daily basis, including early morning and late at night,

20         and on most days, they placed multiple unlawful telephone calls. By way of example,

21         Defendants called the Plaintiff at least **four (4) times per day**. This calling pattern shows the

22         **high volume** of calls Defendants placed to Plaintiff.

23   84.   Defendants telephoned Plaintiff at least **four (4) times** per day on several occasions. This

24         **high frequency** and intensity of calling shows the **pattern** of contacts Defendants placed to

25         Plaintiff.

26   85.   Plaintiff alleges that the frequent and persistent **unlawful telephone contacts** from

27         Defendants were made with the **intent to induce emotional distress to coerce payment** on

28         the alleged debt.

                                    COMPLAINT
                                        13

86. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

## THIRD CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.11(e)

87. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

88. California Civil Code Section 1788.11(e) provides in pertinent part:

> *No debt collector shall collect or attempt to collect a consumer debts by means*
> *of the following practices:*
>> *(e) Communicating, by telephone or in person, with the debtor with such*
>> *frequency as to be unreasonable and to constitute harassment to the debtor*
>> *under the circumstances.*

89. Defendants violated 15 U.S.C. §1788.11(e) as Defendants repeatedly and continuously contacted and harassed Plaintiff by telephone at least **at least one hundred sixty-nine (169)** times regarding the alleged debt.

90. Defendants telephoned Plaintiff on a daily basis, including early morning and late at night, and on most days, they placed multiple unlawful telephone calls. By way of example, Defendants called Plaintiff at least **four (4) times per day**. This calling pattern shows the **high volume** of calls Defendants placed to Plaintiff.

91. Defendants telephoned Plaintiff at least **four (4) times per day** on several occasions. This **high frequency** and intensity of calling shows the **pattern** of contacts Defendants placed to Plaintiff.

92. Plaintiff alleges that the frequent and persistent unlawful telephone contacts are **highly unreasonable** and **constitute harassment** under California Civil Code §1788.11(e).

93. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the

1   California Civil Code (RFDCPA), are sole and separate violations under California Civil

2   Code Section §1788.30(b). and trigger **a penalty of up to $1,000.00.**

3

4                          **FOURTH CAUSE OF ACTION:**

5   **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**

6                          **ACT 47 U.S.C. §227 et seq.**

7

8   94.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

9         fully herein.

10  95.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) and (B)

11        provides in pertinent part:

12              *(1) It shall be unlawful for any person within the United States, or any person*

13              *outside the United States if the recipient is within the United States -*

14                      *(A) to make any call (other than a call made for emergency purpose or*

15                      *made with the prior express consent of the called party) using any*

16                      *automatic telephone dialing system or an artificial or prerecorded voice -*

17                              *. . .*

18                      *(iii) to any telephone number assigned to a paging service,*

19                      *cellular telephone service, specialized mobile radio service, or*

20                      *other radio common carrier service, or any service for which the*

21                      *called party is charged for the call.*

22              *(B) to initiate any telephone call to any residential telephone line using an*

23              *artificial or prerecorded voice to deliver a message . . .*

24  96.   Defendants violated 47 U.S.C. §227 *et seq.* since Defendants called and harassed Plaintiff at

25        least **at least seven (7)** times using an "automated telephone dialing system," as that term is

26        defined by 47 U.S.C. §227a(1).

27  97.   During these telephone calls, Defendants used "an artificial or prerecorded voice," as

28        prohibited by 47 U.S.C. §227b(1)(A) and (B).

98.   Defendants placed these calls to a telephone number assigned to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

99.   These telephone calls were not placed by Defendants for emergency purposes, within the meaning of 47 U.S.C. §227b(1)(A) and (B).

100.  Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

101.  Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute. Defendants have failed to meet their burden since no written express consent exists.  In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

102.  Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

103.  The foregoing violations of  47 U.S.C. §227b(1) by Defendants trigger a recovery of **$500 in statutory damages** for **each and every call** in violation of the statute, pursuant to 47 U.S.C. §227b(3).

## FIFTH CAUSE OF ACTION:

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.

104.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

105. Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) provides in pertinent part:

> *(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –*
>
> > *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
> >
> > . . .
> >
> > *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*

106. Defendants violated 47 U.S.C. §227b(1)(A) since Defendants knowingly and willingly called and harassed Plaintiff at least **seven (7)** times using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). True and correct copies of the same are available at Plaintiff's office for review and photocopying.

107. During these telephone calls, Defendants knowingly and willingly used "an artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A).

108. Defendants knowingly and willingly placed these calls to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

109. These telephone calls were not placed by Defendant for emergency purposes as defined by 47 U.S.C. §227b(1)(A)(I).

110. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

111. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants

1    to demonstrate Plaintiff provided express consent within the meaning of the statute.

2    Defendants have failed to meet their burden since no written express consent exists.  In the

3    alternative, even if Defendants allege such initial consent existed at a prior time, Defendants

4    have failed to meet their burden once the cease and desist letters expressly and explicitly

5    revoked any such consent in writing.

6    112.  Defendants' calls do not fall within any exception by rule or order of the Commission, as

7          provided by 47 U.S.C. §227b(B).

8    113.  The foregoing violations of 47 U.S.C. §227b(1) by Defendants were knowing and/or

9          willful, which entitle Plaintiff to **treble damages of up to $1,500** for **each and every call**

10         in violation of the statute, pursuant to 47 U.S.C. §227b(3).

11

12                          **SIXTH CAUSE OF ACTION:**

13          **INVASION OF PRIVACY (INTRUSION UPON SECLUSION)**

14

15   114.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

16   fully herein.

17

18                  **Defendants Intruded Upon Plaintiffs' Privacy**

19   115.  Plaintiff has an objectively reasonable expectation of privacy in the interior of her own home

20         such that Defendants would not continue to communicate and harass Plaintiff and engage in

21         unlawful, intrusive, and abusive telephone calls in an effort to collect a debt after Defendants

22         have documented receipt of **three (3)** Cease and Desist Orders from Plaintiff.

23   116.  Defendants intentionally intruded on Plaintiff's privacy by, among other things,

24         communicating with Plaintiff at home unlawfully and intentionally at least **one hundred**

25         **sixty-nine (169)** times and repeatedly harassing  Plaintiff.

26   117.  Plaintiff never consented to Defendants' intrusion.

27   118.  One's family residence is a legally recognized place where one's solitude and seclusion will

28         not be violated.  Schulman v. Group W Productions, Inc., 18 Cal.4th 200, 230-31 (1998).

---

COMPLAINT
18

## Defendants' Conduct was Highly Offensive

119.   Defendants telephoned Plaintiff on a daily basis, including early morning and late at night and on most days there were multiple calls.  By way of example, Defendants placed at least **four (4)** calls per day on several occasions.

120.   In effect, Plaintiff was under continued surveillance and assaulted by Defendants' unwavering calls and the constant ringing of the phone.

121.   Plaintiff is informed and believes, and based thereon alleges, that discovery will reveal further violations.

122.   The volume of **over one hundred sixty-nine (169)** phone calls demonstrate Defendants' intent to harass the Plaintiff and coerce Plaintiff into paying money on a debt Defendants knew to be disputed.  This pattern and volume of calling would be considered **highly offensive** to a reasonable person and is an overly intrusive business practice.

123.   The FDCPA and RFDCPA, under 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(d), provide that "causing the phone to ring repeatedly or <u>continuously</u> to annoy the person called" is abusive and harassing to a reasonable person.  A reasonable person would be offended if they were to be called nearly every hour in the pattern alleged herein.  <u>Fausto v. Credigy</u>, 598 F. Supp. 2d 1049, 1056 (W.D. Cal. 2009).

124.   Defendants called frequently to annoy and harass Plaintiff at her home. There is no reason for Defendants to call Plaintiff when Defendants could have simply called DOAN LAW FIRM.  Thus, Defendants clearly had a far less intrusive means to collect on this account and Defendants clearly continued to harass and annoy Plaintiff without any legitimate justification for this barrage of calls.

125.   Defendants' cavalier conduct demonstrated complete disregard for Plaintiff's autonomy, dignity, and serenity in her home. Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

126. Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. <u>Fausto v. Credigy</u>, 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (citing to <u>Panahiasl v. Gurney</u>, 2007 U.S. Dist. Lexis 17269 and <u>Joseph v. JJ. MacIntryre LLC</u>, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

127. These intrusions as against Plaintiff by Defendants in incessantly and repeatedly making multiple telephone calls to Plaintiff were intense and occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

128. Defendants continuously called Plaintiff's home and cell phone. Due to the fact that Plaintiff is obligated to answer her phone because she has children away from home, **there was no escape from Defendants repeated calls.** LISA MCGOWAN'S eldest child suffers from constant seizures. Defendants' barrage of calls exacerbated Plaintiff's stress and worries about her children. Each call from Defendants invaded Plaintiff's physical and sensory privacy each time the phone rang. Plaintiff, and any reasonable person, would find that the calling pattern of the Defendants was highly annoying and offensive.

129. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in amount to be determined according to proof.

130. Defendants also acted with such oppression, fraud, and/or malice, that Plaintiff is also entitled to punitive damages in an amount according to proof.

## VIII.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully prays this Court grant relief in excess of **$25,00.00** monetary damages (**Actual Damages, Statutory Penalties, Punitive Damages, Attorney Fees and Costs** according to proof, **Injunctive Relief, and Declaratory Relief**).

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A.   **Actual Economic Damages** totaling at least **$1,515.00** consisting of **$500.00**

1    **attorney fees** previously paid to DOAN LAW FIRM, LLP to end the harassment, and **$15.00**

2    in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil

3    Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code

4    §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the

5    Order for Bankruptcy Relief;

6    B.      **Actual Non-Economic Damages** of at least **$5,000.00** pursuant to California Civil

7    Code §1788.30(a) for mental and emotional distress, anxiety, fear, embarrassment,

8    distractions at place of work, and other injuries;

9    a.) **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of

10           Civil Code §1788.17 (under 15 U.S.C. §1692d(5));

11   b.)     **Statutory Penalties of at least $1,000.00** against Defendants arising from violations

12           of Civil Code §1788.11(d);

13   c.)     **Statutory Penalties of at least $1,000.00** against Defendants arising from violations

14           of Civil Code §1788.11(e);

15   d.)     **Statutory Penalties of at least $1,500.00** as against Defendants arising for **each and**

16           **every** violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(B);

17   e.)     **Alternatively,** if the Court finds Plaintiff is not entitled to statutory penalties of

18           $1,500.00 for each violation of 47 U.S.C. §227(b)(1), Plaintiff requests **Statutory**

19           **Penalties of up to $500.00** as against Defendants arising for **each and every**

20           violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(C), and as further

21           proof may reveal;

22   f.)     **Punitive damages of at least $5,000** based on Defendants' Invasion of Privacy;

23   g.)     **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to

24           California Civil Code §§1788.14, 1788.17, and Cal. Code Civ. Proc. §1021.5.

25   h.)     **Injunctive Relief** against Defendants, restraining them from any further contact with

26           Plaintiff and from reporting incomplete and inaccurate information to credit reporting

27           agencies;

28   i.)     **Declaratory Relief** against Defendants, declaring their practices of communicating

COMPLAINT

21

1    with and harassing Plaintiff was in violation of California Civil Code Section

2    §§1788.14, and 1788.17; and

3    j.)    Such **other and further relief** as the Court may deem just and proper.

4

5    Dated: August 1, 2013                                    Respectfully submitted,

6                                                             **DOAN LAW FIRM, LLP**

7

8                                                             By: _Karen S. Spicker_

9                                                             Karen S. Spicker, Esq.
                                                             Attorney for Plaintiff
10                                                            LISA MCGOWAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**DOAN LAW FIRM** LLP
CALIFORNIA'S LARGEST FAMILY OF ATTORNEYS

GREGORY J. DOAN | MICHAEL G. DOAN | JAMES P. DOAN | SHAWN A. DOAN | STEPHEN N. DOAN | JONATHAN D. DOAN

**URGENT!!**

May 24, 2013

**VIA US Mail and Facsimile Transmission to**: (408) 362-2299

Hunt & Henriques
151 Bernal Road, Suite 8
San Jose, CA 95119-1306

RE: Account Nos. Capital One last 4 digits 3653, your account number: 917724 and Account Nos. Capital One last 4 digits 5199, your account number: 93751

Dear Mr. Hunt:

Please be advised that I have been retained to represent Lisa McGowan in regard to the above referenced accounts. I am also including herein three cease and desist letters signed by Ms. McGowan in regard to each account and giving our office a power of attorney. As I indicated, we are requesting an extension to respond to the lawsuit entitled <u>Capital One v. Lisa McGowan</u>, Account No. Capital One last 4 digits 3653, your account number: 917724. Please confirm immediately that we may have a (30) day extension in which to respond to the same.

I appreciate your courtesy and cooperation.

Sincerely,

Karen S. Spicker, Esq.
Attorney at Law
KSS/dy

<u>Enclosed:</u>
- Cease and Desist Letter (3)

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

May 24, 2013

**CEASE AND DESIST ORDER PER CC 1788.17 WITH
BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Hunt & Henriques
151 Bernal Road, Suite 8
San Jose, CA 95119-1306

Re:  Debtor(s):      Lisa M Mcgowan
     Soc Sec No:     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
     Account No:     2013-00043551 and any other accounts related to the Debtor(s)
     Amount:         $20,324.24

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be deemed to have received such notice. This letter revokes all prior business relationships as defined by The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2) by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly revoked. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A). Please also take all measures to check and comply with the National Do Not Call Registry, and do not call my client in violation thereof. Further, you are specifically prohibited from calling my clients at any time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls. Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as "disputed" in any and all credit bureau reporting you do, such as entering compliance condition code"XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html. Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

*Karen S. Spicker*

Karen Spicker,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

Lisa M Mcgowan

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

May 24, 2013

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
## BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

Cap One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

| Re: | Debtor(s): | Lisa M Mcgowan |
|-----|-----------|----------------|
|     | Soc Sec No: | 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 |
|     | Account No: | 480213706694 and any other accounts related to the Debtor(s) |
|     | Amount: | $7,117.00 |

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be deemed to have received such notice. This letter revokes all prior business relationships as defined by The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2) by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly revoked. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A). Please also take all measures to check and comply with the National Do Not Call Registry, and do not call my client in violation thereof. Further, you are specifically prohibited from calling my clients at any time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls. Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as "disputed" in any and all credit bureau reporting you do, such as entering compliance condition code"XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html. Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

Karen S. Spicker,
Karen Spicker,
Attorney at Law

### DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
### AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

Lisa M Mcgowan

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California  92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

May 24, 2013

**CEASE AND DESIST ORDER PER CC 1788.17 WITH**
**BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Cap One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI  53051

Re:   Debtor(s):        Lisa M Mcgowan
      Soc Sec No:       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
      Account No:       546630234249 and any other accounts related to the Debtor(s)
      Amount:           $20,694.00

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief.  Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be deemed to have received such notice. This letter revokes all prior business relationships as defined by The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2) by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly revoked. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A). Please also take all measures to check and comply with the National Do Not Call Registry, and do not call my client in violation thereof. Further, you are specifically prohibited from calling my clients at any time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls.  Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of basic contract enforceability issues.  Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as "disputed" in any and all credit bureau reporting you do, such as entering compliance condition code"XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html. Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

Karen S. Spicker
Karen Spicker,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17*
*AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

Lisa M Mcgowan

1

**PROOF OF SERVICE**
*(McGowan, Lisa M.)*

2

3       I, the undersigned, declare that I am over the age of 18 and not a party to this action. I am
employed in the City of Carlsbad, California; my business address is Doan Law Firm, LLP, 2850
4   Pio Pico Drive, Suite D, Carlsbad, California 92008.

5       On the date below I served a copy of the following document(s):

6       **Letter to Hunt & Henriques with Cease and Desist Orders** on all interested parties in
said case addressed as follows:
7

8   **Michael S. Hunt, Esq.**
**Hunt & Henriques**
9   **151 Bernal Road, Suite 8**
**San Jose, CA 95119-1306**
10

11       _X **(BY MAIL):** By placing envelope for collection and mailing following our ordinary business
practices. I am readily familiar with the firm's practice of collecting and processing
12   correspondence for mailing. On the same day that correspondence is placed for collection and
mailing, it is deposited in the ordinary course
13

14       __ **(BY HAND)** By placing the document in an envelope or package addressed to the persons
listed above and providing them to a professional messenger service for delivery.
15

16       __ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other
facility regularly maintained by Federal Express with delivery fees paid or provided for.
17

18       __ **(BY FAX)** By use of facsimile machine telephone number (760) 720-6082, I faxed a true
copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address.
The transmission was reported as complete and without error. The attached transmission report,
19   which sets forth the date and time for the transmission, was properly issued by the transmitting
facsimile machine.

20       __ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via
electronic transmission (e-mail) at _____ a.m/p.m. using e-mail address _____
21   to the e-mail address designated for each party identified above. I did not receive, within a
reasonable time after the transmission, any electronic message or other indication that the
22   transmission was unsuccessful.

23       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. This declaration is executed in Carlsbad, California, on
24   May 24, 2013.

25

26                                                      Derrick Yong

27

28

1

# EXHIBIT B

| | Call Date | Connect Time | Duration Total (Minutes) | Orig Number | Term Number | Call Type | Sensor ID | Source File |
|---|---|---|---|---|---|---|---|---|
| 1 | 7/1/2012 | 14:01:58:7 | 0.44 | :8042177156 | :6192225386 | 119 | 619501 | U120701134012AMA.619 |
| 2 | 7/2/2012 | 09:44:12:7 | 0.08 | :8663810453 | :6192225386 | 119 | 619501 | U120702094032AMA.619 |
| 3 | 7/2/2012 | 11:24:20:7 | 0.75 | :8669138362 | :6192225386 | 119 | 619501 | U120702104033AMA.619 |
| 4 | 7/5/2012 | 08:45:28:9 | 0.52 | :8665778407 | :6192225386 | 720 | 619501 | U120705084003AMA.619 |
| 5 | 7/6/2012 | 13:03:24:9 | 0.08 | :8669295307 | :6192225386 | 119 | 619501 | U120706124031AMA.619 |
| 6 | 7/6/2012 | 16:12:18:9 | 0.45 | :8042177156 | :6192225386 | 119 | 619501 | U120706154034AMA.619 |
| 7 | 7/6/2012 | 18:17:16:9 | 0.08 | :8042177156 | :6192225386 | 119 | 619501 | U120706174036AMA.619 |
| 8 | 7/6/2012 | 19:39:28:9 | 0.09 | :8042177156 | :6192225386 | 119 | 619501 | U120706184037AMA.619 |
| 9 | 7/9/2012 | 08:32:18:9 | 0.52 | :8665778407 | :6192225386 | 720 | 619501 | U120709074098AMA.619 |
| 10 | 7/9/2012 | 08:42:18:9 | 0.09 | :8663810453 | :6192225386 | 119 | 619501 | U120709084099AMA.619 |
| 11 | 7/9/2012 | 18:50:20:8 | 0.09 | :8663810453 | :6192225386 | 119 | 619501 | U120709184009AMA.619 |
| 12 | 7/10/2012 | 08:46:20:9 | 0.08 | :8669295307 | :6192225386 | 119 | 619501 | U120710084023AMA.619 |
| 13 | 7/10/2012 | 17:43:26:8 | 0.27 | :8042177156 | :6192225386 | 119 | 619501 | U120710174032AMA.619 |
| 14 | 7/10/2012 | 18:20:04:9 | 0.43 | :8042177156 | :6192225386 | 119 | 619501 | U120710174032AMA.619 |
| 15 | 7/10/2012 | 18:55:24:9 | 0.08 | :8042177156 | :6192225386 | 119 | 619501 | U120710184033AMA.619 |
| 16 | 7/10/2012 | 19:28:38:8 | 0.09 | :8042177156 | :6192225386 | 119 | 619501 | U120710184033AMA.619 |
| 17 | 7/11/2012 | 08:46:38:9 | 0.08 | :8663810453 | :6192225386 | 119 | 619501 | U120711084047AMA.619 |
| 18 | 7/11/2012 | 17:36:52:9 | 0.44 | :8042177156 | :6192225386 | 119 | 619501 | U120711164055AMA.619 |
| 19 | 7/11/2012 | 18:17:18:9 | 0.09 | :8042177156 | :6192225386 | 119 | 619501 | U120711174056AMA.619 |
| 20 | 7/11/2012 | 18:50:40:9 | 0.09 | :8042177156 | :6192225386 | 119 | 619501 | U120711184057AMA.619 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 21 | 7/11/2012 | 19:22:51:0 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120711184057AMA.619 |
| 22 | 7/12/2012 | 08:22:11:6 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120712074070AMA.619 |
| 23 | 7/12/2012 | 08:42:17:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120712084071AMA.619 |
| 24 | 7/12/2012 | 14:17:21:6 | 0.09 | :800955660 0 | :619222538 6 | 119 | 619501 | U120712134076AMA.619 |
| 25 | 7/12/2012 | 18:38:05:5 | 0.09 | :800955660 0 | :619222538 6 | 119 | 619501 | U120712174080AMA.619 |
| 26 | 7/13/2012 | 09:14:55:6 | 0.65 | :866913836 2 | :619222538 6 | 119 | 619501 | U120713084095AMA.619 |
| 27 | 7/13/2012 | 13:32:27:7 | 0.09 | :866929530 6 | :619222538 6 | 119 | 619501 | U120713124099AMA.619 |
| 28 | 7/13/2012 | 15:45:17:5 | 0.45 | :804217715 6 | :619222538 6 | 119 | 619501 | U120713154002AMA.619 |
| 29 | 7/13/2012 | 17:13:49:6 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120713164003AMA.619 |
| 30 | 7/13/2012 | 18:20:21:7 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120713174004AMA.619 |
| 31 | 7/13/2012 | 19:09:45:7 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120713184005AMA.619 |
| 32 | 7/15/2012 | 13:09:27:8 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120715124047AMA.619 |
| 33 | 7/16/2012 | 08:15:37:8 | 0.11 | :866577840 7 | :619222538 6 | 720 | 619501 | U120716074166AMA.619 |
| 34 | 7/16/2012 | 08:30:37:8 | 0.08 | :800955660 0 | :619222538 6 | 119 | 619501 | U120716074166AMA.619 |
| 35 | 7/17/2012 | 16:17:09:9 | 0.43 | :804217715 6 | :619222538 6 | 119 | 619501 | U120717154098AMA.619 |
| 36 | 7/17/2012 | 17:40:01:9 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120717164099AMA.619 |
| 37 | 7/17/2012 | 18:13:36:2 | 0.26 | :804217715 6 | :619222538 6 | 119 | 619501 | U120717174000AMA.619 |
| 38 | 7/18/2012 | 08:47:39:5 | 0.09 | :866929530 7 | :619222538 6 | 119 | 619501 | U120718084015AMA.619 |
| 39 | 7/18/2012 | 16:46:01:5 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120718164023AMA.619 |
| 40 | 7/18/2012 | 17:52:55:6 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120718174024AMA.619 |
| 41 | 7/18/2012 | 18:26:53:5 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120718174024AMA.619 |
| 42 | 7/19/2012 | 08:26:09:5 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120719074038AMA.619 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 43 | 7/19/2012 | 08:37:53:5 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120719074038AMA.619 |
| 44 | 7/19/2012 | 15:00:23:5 | 0.09 | :800955660 0 | :619222538 6 | 119 | 619501 | U120719144045AMA.619 |
| 45 | 7/19/2012 | 19:30:33:5 | 0.08 | :800955660 0 | :619222538 6 | 119 | 619501 | U120719184049AMA.619 |
| 46 | 7/20/2012 | 12:43:15:5 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120720124067AMA.619 |
| 47 | 7/20/2012 | 15:13:11:5 | 0.45 | :804217715 6 | :619222538 6 | 119 | 619501 | U120720144069AMA.619 |
| 48 | 7/20/2012 | 16:56:13:6 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120720164071AMA.619 |
| 49 | 7/20/2012 | 18:01:25:2 | 0.26 | :804217715 6 | :619222538 6 | 119 | 619501 | U120720174072AMA.619 |
| 50 | 7/22/2012 | 13:11:11:5 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120722124015AMA.619 |
| 51 | 7/23/2012 | 08:49:15:5 | 0.08 | :866381045 3 | :619222538 6 | 119 | 619501 | U120723084035AMA.619 |
| 52 | 7/23/2012 | 16:14:47:5 | 0.08 | :866381045 3 | :619222538 6 | 119 | 619501 | U120723154042AMA.619 |
| 53 | 7/23/2012 | 19:53:47:5 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120723194046AMA.619 |
| 54 | 7/24/2012 | 09:03:47:5 | 0.76 | :866913836 2 | :619222538 6 | 119 | 619501 | U120724084059AMA.619 |
| 55 | 7/24/2012 | 18:15:19:5 | 0.43 | :804217715 6 | :619222538 6 | 119 | 619501 | U120724174068AMA.619 |
| 56 | 7/25/2012 | 13:24:49:3 | 0.08 | :866929530 6 | :619222538 6 | 119 | 619501 | U120725124087AMA.619 |
| 57 | 7/25/2012 | 16:45:35:2 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120725164091AMA.619 |
| 58 | 7/25/2012 | 18:30:09:3 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120725174092AMA.619 |
| 59 | 7/26/2012 | 08:17:15:2 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120726074006AMA.619 |
| 60 | 7/26/2012 | 10:06:43:3 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120726094008AMA.619 |
| 61 | 7/28/2012 | 11:44:09:4 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120728114058AMA.619 |
| 62 | 7/29/2012 | 12:41:07:5 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120729124083AMA.619 |
| 63 | 7/30/2012 | 08:20:11:5 | 0.08 | :866381045 3 | :619222538 6 | 119 | 619501 | U120730074002AMA.619 |
| 64 | 7/30/2012 | 18:20:47:5 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120730174012AMA.619 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 65 | 7/31/2012 | 08:17:45:5 | 0.09 | :866929530 7 | :619222538 6 | 119 | 619501 | U120731074026AMA.619 |
| 66 | 7/31/2012 | 14:36:09:7 | 0.08 | :866929530 7 | :619222538 6 | 119 | 619501 | U120731134032AMA.619 |
| 67 | 7/31/2012 | 17:42:31:7 | 0.43 | :804217715 6 | :619222538 6 | 119 | 619501 | U120731174036AMA.619 |
| 68 | 7/31/2012 | 18:26:49:7 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120731174036AMA.619 |
| 69 | 7/31/2012 | 19:00:41:6 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120731184037AMA.619 |
| 70 | 8/1/2012 | 08:25:47:7 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120801074050AMA.619 |
| 71 | 8/1/2012 | 13:49:43:7 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120801134056AMA.619 |
| 72 | 8/1/2012 | 17:02:05:7 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120801164059AMA.619 |
| 73 | 8/1/2012 | 18:04:15:6 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120801174060AMA.619 |
| 74 | 8/1/2012 | 18:43:19:7 | 0.08 | :804217715 6 | :619222538 6 | 119 | 619501 | U120801184061AMA.619 |
| 75 | 8/2/2012 | 08:14:24:0 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120802074174AMA.619 |
| 76 | 8/2/2012 | 08:35:36:0 | 0.39 | :866577840 7 | :619222538 6 | 720 | 619501 | U120802074174AMA.619 |
| 77 | 8/2/2012 | 09:51:40:0 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120802094076AMA.619 |
| 78 | 8/2/2012 | 19:56:52:0 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120802194086AMA.619 |
| 79 | 8/3/2012 | 09:46:52:0 | 0.09 | :800955660 0 | :619222538 6 | 119 | 619501 | U120803094000AMA.619 |
| 80 | 8/3/2012 | 17:10:24:1 | 0.49 | :804217715 6 | :619222538 6 | 119 | 619501 | U120803164007AMA.619 |
| 81 | 8/3/2012 | 18:41:22:0 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120803184009AMA.619 |
| 82 | 8/3/2012 | 19:44:58:0 | 0.09 | :804217715 6 | :619222538 6 | 119 | 619501 | U120803194010AMA.619 |
| 83 | 8/5/2012 | 12:28:36:0 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120805114050AMA.619 |
| 84 | 8/6/2012 | 15:36:44:0 | 0.09 | :866929530 7 | :619222538 6 | 119 | 619501 | U120806144077AMA.619 |
| 85 | 8/7/2012 | 08:31:02:1 | 0.08 | :866929530 6 | :619222538 6 | 119 | 619501 | U120807074094AMA.619 |
| 86 | 8/8/2012 | 10:24:00:1 | 0.08 | :866929530 6 | :619222538 6 | 119 | 619501 | U120808094020AMA.619 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 87 | 8/8/2012 | 18:06:54:2 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120808174028AMA.619 |
| 88 | 8/9/2012 | 17:10:54:2 | 0.09 | :866381045 3 | :619222538 6 | 119 | 619501 | U120809164051AMA.619 |
| 89 | 8/13/2012 | 12:19:18:4 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120813114142AMA.619 |
| 90 | 8/13/2012 | 12:28:54:4 | 0.09 | :866929530 6 | :619222538 6 | 119 | 619501 | U120813114142AMA.619 |
| 91 | 8/14/2012 | 11:32:30:5 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120814104065AMA.619 |
| 92 | 8/15/2012 | 08:44:05:7 | 0.08 | :866929530 7 | :619222538 6 | 119 | 619501 | U120815084087AMA.619 |
| 93 | 8/15/2012 | 15:51:39:7 | 0.08 | :866929530 7 | :619222538 6 | 119 | 619501 | U120815154094AMA.619 |
| 94 | 8/16/2012 | 08:19:23:7 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120816074010AMA.619 |
| 95 | 8/16/2012 | 12:27:37:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120816114014AMA.619 |
| 96 | 8/16/2012 | 16:36:51:7 | 0.09 | :800955660 0 | :619222538 6 | 119 | 619501 | U120816154018AMA.619 |
| 97 | 8/17/2012 | 10:44:45:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120817104037AMA.619 |
| 98 | 8/17/2012 | 16:01:39:7 | 0.47 | :804217715 6 | :619222538 6 | 119 | 619501 | U120817154042AMA.619 |
| 99 | 8/18/2012 | 08:29:15:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120818074058AMA.619 |
| 100 | 8/18/2012 | 12:54:45:6 | 0.09 | :866929530 7 | :619222538 6 | 119 | 619501 | U120818124063AMA.619 |
| 101 | 8/19/2012 | 13:54:01:6 | 0.44 | :804217715 6 | :619222538 6 | 119 | 619501 | U120819134088AMA.619 |
| 102 | 8/20/2012 | 09:18:27:7 | 0.08 | :866381045 3 | :619222538 6 | 119 | 619501 | U120820084007AMA.619 |
| 103 | 8/20/2012 | 10:44:39:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120820104009AMA.619 |
| 104 | 8/21/2012 | 13:10:13:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120821124035AMA.619 |
| 105 | 8/22/2012 | 12:45:38:3 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120822124059AMA.619 |
| 106 | 8/23/2012 | 12:56:18:4 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120823124183AMA.619 |
| 107 | 8/31/2012 | 08:13:07:2 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120831074070AMA.619 |
| 108 | 9/4/2012 | 14:34:43:2 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120904134072AMA.619 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 109 | 9/5/2012 | 09:58:20:0 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120905094092AMA.619 |
| 110 | 9/6/2012 | 11:04:50:0 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120906104017AMA.619 |
| 111 | 9/7/2012 | 09:51:02:1 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120907094040AMA.619 |
| 112 | 9/10/2012 | 12:13:00:2 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120910114014AMA.619 |
| 113 | 9/11/2012 | 11:57:53:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120911114038AMA.619 |
| 114 | 9/12/2012 | 12:06:33:5 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120912114162AMA.619 |
| 115 | 9/15/2012 | 08:03:25:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120915074030AMA.619 |
| 116 | 9/17/2012 | 08:20:57:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120917074078AMA.619 |
| 117 | 9/18/2012 | 11:55:21:7 | 0.47 | :866577840 7 | :619222538 6 | 720 | 619501 | U120918114006AMA.619 |
| 118 | 9/19/2012 | 12:25:23:9 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120919114030AMA.619 |
| 119 | 9/20/2012 | 11:12:27:8 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120920104053AMA.619 |
| 120 | 9/21/2012 | 10:27:27:9 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120921102599AMA.619 |
| 121 | 9/24/2012 | 13:31:19:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120924132599AMA.619 |
| 122 | 9/25/2012 | 11:42:19:6 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U120925114088AMA.619 |
| 123 | 9/26/2012 | 12:06:03:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120926115585AMA.619 |
| 124 | 9/27/2012 | 12:43:57:6 | 0.45 | :866577840 7 | :619222538 6 | 119 | 619501 | U120927124084AMA.619 |
| 125 | 9/28/2012 | 12:51:13:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U120928124080AMA.619 |
| 126 | 10/1/2012 | 13:52:55:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121001134072AMA.619 |
| 127 | 10/2/2012 | 11:41:13:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121002114060AMA.619 |
| 128 | 10/3/2012 | 10:52:07:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121003104052AMA.619 |
| 129 | 10/4/2012 | 11:58:21:7 | 0.47 | :866577840 7 | :619222538 6 | 720 | 619501 | U121004115553AMA.619 |
| 130 | 10/5/2012 | 11:23:33:8 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121005111046AMA.619 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 131 | 10/8/2012 | 10:44:11:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121008104032AMA.619 |
| 132 | 10/9/2012 | 10:19:13:6 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121009101026AMA.619 |
| 133 | 10/10/2012 | 12:53:47:7 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U121010124032AMA.619 |
| 134 | 10/11/2012 | 13:08:57:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121011125529AMA.619 |
| 135 | 10/15/2012 | 14:15:46:1 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121015141018AMA.619 |
| 136 | 10/16/2012 | 15:50:40:3 | 0.45 | :866577840 7 | :619222538 6 | 720 | 619501 | U121016154020AMA.619 |
| 137 | 10/18/2012 | 13:24:48:4 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121018132503AMA.619 |
| 138 | 10/19/2012 | 13:48:36:8 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121019134000AMA.619 |
| 139 | 10/23/2012 | 16:33:23:0 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121023162595AMA.619 |
| 140 | 10/24/2012 | 13:11:48:8 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121024131078AMA.619 |
| 141 | 10/25/2012 | 12:36:52:9 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121025122571AMA.619 |
| 142 | 10/26/2012 | 09:34:26:7 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121026092555AMA.619 |
| 143 | 10/27/2012 | 09:19:32:9 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121027091050AMA.619 |
| 144 | 10/29/2012 | 17:01:13:1 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121029165573AMA.619 |
| 145 | 10/30/2012 | 16:05:01:2 | 0.47 | :866577840 7 | :619222538 6 | 720 | 619501 | U121030155565AMA.619 |
| 146 | 10/31/2012 | 10:37:07:2 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121031102539AMA.619 |
| 147 | 11/1/2012 | 11:04:58:3 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121101105537AMA.619 |
| 148 | 11/2/2012 | 11:34:48:2 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121102112535AMA.619 |
| 149 | 11/3/2012 | 08:51:34:3 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121103084020AMA.619 |
| 150 | 11/5/2012 | 16:01:52:2 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U121105155545AMA.619 |
| 151 | 11/13/2012 | 14:37:13:0 | 0.45 | :866577840 7 | :619222538 6 | 119 | 619501 | U121113142507AMA.619 |
| 152 | 11/26/2012 | 11:33:58:7 | 0.47 | :866577840 7 | :619222538 6 | 720 | 619501 | U121126112543AMA.619 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 153 | 11/27/2012 | 11:36:32:6 | 0.45 | :866577840 7 | :619222538 6 | 119 | 619501 | U121127112539AMA.619 |
| 154 | 11/28/2012 | 09:15:06:7 | 0.46 | :866577840 7 | :619222538 6 | 119 | 619501 | U121128091026AMA.619 |
| 155 | 12/6/2012 | 08:58:11:3 | 0.45 | :866577840 7 | :619222538 6 | 720 | 619501 | U121206085593AMA.619 |
| 156 | 12/10/2012 | 12:50:07:8 | 0.45 | :866577840 7 | :619222538 6 | 119 | 619501 | U121210124092AMA.619 |
| 157 | 12/14/2012 | 08:24:26:9 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121214081058AMA.619 |
| 158 | 12/15/2012 | 09:19:22:9 | 0.15 | :408414038 3 | :619222538 6 | 720 | 619501 | U121215091058AMA.619 |
| 159 | 12/17/2012 | 13:11:33:2 | 0.46 | :866577840 7 | :619222538 6 | 720 | 619501 | U121217131066AMA.619 |
| 160 | 12/19/2012 | 08:24:12:0 | 0.45 | :866577840 7 | :619222538 6 | 119 | 619501 | U121219081038AMA.619 |
| 161 | 12/21/2012 | 08:20:56:3 | 0.45 | :866577840 7 | :619222538 6 | 720 | 619501 | U121221081030AMA.619 |
| 162 | 1/26/2013 | 08:21:16:1 | 0.07 | :408414038 3 | :619222538 6 | 720 | 619501 | U130126081086AMA.619 |

| Element Name | Mobile Number | Dialed Digit Number | Direction | Seizure Dt Tm | Duration | Calling Number |
|---|---|---|---|---|---|---|
| Vista_MTX2 | 6198845386 | 6198845386 F | | 1/8/2013 19:30 | 39 | 4084140383 |
| SanDiego_48 | 6198845386 | 1.13062E+13 | 5 | 1/8/2013 19:31 | 17 | 4084140383 |
| Vista_MTX2 | 6198845386 | 6198845386 | 0 | 1/26/2013 8:21 | 24 | 4084140383 |
| Vista_MTX2 | 6198845386 | 6198845386 | 0 | 3/14/2013 15:50 | 10 | 4084140383 |
| Vista_MTX2 | 6198845386 | 6198845386 | 5 | 3/23/2013 8:08 | 26 | 4084140383 |
| Vista | 6198845386 | 7606914298 | 0 | 3/23/2013 8:08 | 25 | 4084140383 |
| Vista_MTX2 | 6198845386 | 6198845386 | 0 | 4/19/2013 8:53 | 17 | 4084140383 |
| Vista_MTX2 | 6198845386 | 6198845386 F | | 4/27/2013 11:02 | 39 | 4084140385 |
| Vista_MTX2 | 6198845386 | 6198845386 F | | 12/15/2012 9:14 | 87 | 4084140383 |
| SanDiego_48 | 6198845386 | 1.13062E+13 | 5 | 12/15/2012 9:14 | 59 | 4084140383 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY*(Name, state bar number, and address)*:<br>Karen S. Spicker, SBN 127934<br>DOAN LAW FIRM, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008<br>TELEPHONE NO. *(Optional)*: 760-450-3333      FAX NO. *(Optional)*: 760-720-6082<br>E-MAIL ADDRESS *(Optional)*: karen@doanlaw.com<br>ATTORNEY FOR *(Name)*: Lisa McGowan | FOR COURT USE ONLY<br><br>FILED<br>NORTH COUNTY DIVISION<br><br>2013 AUG 27  PM 3: 2○<br><br>(1O)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ EAST CDUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065
- ☑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE, 1000, VISTA, CA 92081
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

*IMAGED*

| PLAINTIFF(S)<br>Lisa McGowan | JUDGE<br>Earl H. Maas III |
|---|---|
| DEFENDANT(S)<br>Capital One Bank USA, N.A. and Does 1 through 10 Inclusive | DEPARTMENT<br>N-28 |
| **CERTIFICATE OF SERVICE** | CASE NUMBER<br>37-2013-00060599-CU-MC-NC |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with SDSC Local Rule 2.1.5.

Date: August 27, 2013

Jasmine Lewis
Type or print name

_____ Signature

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE. Instead, file the form CERTIFICATE OF PROGRESS (SDSC Form #CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

| Attorney or Party without Attorney: | | | | | FILED |
|---|---|---|---|---|---|

Attorney or Party without Attorney:
KAREN S. SPICKER, ESQ.
DOAN LAW FIRM, LLP
2850 PIO PICO DRIVE
SUITE D
CARLSBAD, CA 92008
Telephone No: 760-450-3333      FAX No: 760-720-6082

Attorney for: Plaintiff

Ref. No. or File No.:

**FILED**
NORTH COUNTY DIVISION

2013 AUG 27 PM 3: 2'

(10)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

IMAGED

Insert name of Court, and Judicial District and Branch Court:
SAN DIEGO COUNTY SUPERIOR COURT, NORTH COUNTY

Plaintiff: LISA MCGOWAN

Defendant: CAPITAL ONE BANK USA, N.A.

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2013-00060599-CU-MC-NC |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION
    (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR); NOTICE OF CASE
    ASSIGNMENT; NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT.

*3.  a. Party served:*            CAPITAL ONE BANK USA, N.A.
    *b. Person served:*         BECKY DEGEORGE, AGENT FOR SERVICE OF PROCESS, CSC LAWYERS

*4.  Address where the party was served:*        2710 GATEWAY OAKS DR.
                                          STE. 150N
                                          SACRAMENTO, CA  95833

*5.  I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
       process for the party (1) on: Tue., Aug. 06, 2013 (2) at: 12:30PM

*6.  The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:*  CAPITAL ONE BANK USA, N.A.
    Under CCP 416.40 (association or partnership)

*7.  Person Who Served Papers:*                                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Nancy Graddy                                     d.  *The Fee for Service was:* $99.74

    e.  I am: (3)  registered California process server
        *(i)*  Independent Contractor
        *(ii)*  *Registration No.:*    04-010
        *(iii)*  *County:*             Placer
        *(iv)*  *Expiration Date:*     Wed, Apr. 23, 2014

**First Legal**
1814 "I" Street
Sacramento, CA 95814
Telephone      (916) 444-5111
Fax            (916) 443-3111
www.firstlegalnetwork.com

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Wed, Aug. 07, 2013*                                *N. graddy*

| ATTORNEY OR PARTY WITHOUT ATTORNEY*(Name, state bar number, and address):*<br>Karen S. Spicker, SBN 127934<br>DOAN LAW FIRM, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008<br>TELEPHONE NO. *(Optional):* 760-450-3333   FAX NO. *(Optional):* 760-720-6082<br>E-MAIL ADDRESS *(Optional):* karen@doanlaw.com<br>ATTORNEY FOR *(Name):* Lisa McGowan | FILED<br>NORTH COUNTY DIVISION<br>2013 AUG 27  PM 3: 22<br>(10)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA<br><br>IMAGED |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065<br>☑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE, 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>Lisa McGowan | JUDGE<br>Earl H. Maas III |
| DEFENDANT(S)<br>Capital One Bank USA, N.A. and Does 1 through 10 inclusive | DEPARTMENT<br>N-28 |
| **CERTIFICATE OF SERVICE** | CASE NUMBER<br>37-2013-00060599-CU-MC-NC |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with SDSC Local Rule 2.1.5.


Date: August 27, 2013


Jasmine Lewis
Type or print name                                                    Signature


NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE. Instead, file the form CERTIFICATE OF PROGRESS (SDSC Form #CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

| Attorney or Party without Attorney:<br>KAREN S. SPICKER, ESQ.<br>DOAN LAW FIRM, LLP<br>2850 PIO PICO DRIVE<br>SUITE D<br>CARLSBAD, CA 92008<br>*Telephone No:* 760-450-3333   *FAX No:* 760-720-6082 | For Court Use Only<br><br>**FILED**<br>NORTH COUNTY DIVISION<br><br>2013 AUG 27  PM 3: 22<br><br>(10)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|

*Attorney for:* Plaintiff                              *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
SAN DIEGO COUNTY SUPERIOR COURT, NORTH COUNTY

*Plaintiff:* LISA MCGOWAN
*Defendant:* CAPITAL ONE BANK USA, N.A.

IMAGED

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2013-00060599-CU-MC-NC |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; AMENDMENT TO COMPLAINT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR); NOTICE OF CASE ASSIGNMENT; NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT.

3. a. *Party served:*                    DOE 1:CAPITAL ONE, NATIONAL ASSOCIATION
   b. *Person served:*                   BECKY DEORGE, AGENT FOR SERVICE OF PROCESS, CSC LAWYERS

4. *Address where the party was served:*    2710 N. GATEWAY OAKS DR
                                            STE. 150
                                            SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Aug. 21, 2013 (2) at: 10:26AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *as the person sued under the fictitious name of:*      Doe 1:
   *on behalf of:* CAPITAL ONE, NATIONAL ASSOCIATION
   Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. WILLIAM E. ODER                    d. *The Fee for Service was:* $99.74
   b. **FIRST LEGAL INVESTIGATIONS**      e. I am: (3) registered California process server
      2112 N. MAIN STREET, SUITE 220          *(i)*   Independent Contractor
      SANTA ANA, CA 92706                      *(ii)*  *Registration No.:*    2008-80
   c. (714) 550-1375                           *(iii)* *County:*             Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Thu, Aug. 22, 2013

                                                        _William E. Oder_
                                                        (WILLIAM E. ODER)

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | 904086   .doala.552240 |
|---|---|---|